IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARNEY D. EBEY, #2155147 | § | |
|    *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17cv691 |
| | § | |
| HOPKINS COUNTY JAIL, | § | |
|    *Defendant* | § | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Barney D. Ebey filed the above-styled and numbered lawsuit pursuant to 42 U.S.C. § 1983. In response, Defendants Hopkins County Jail and Lewis Tatum filed a motion to dismiss (Dkt. #57), noting that Plaintiff failed to exhaust administrative remedies. For the reasons stated below, and after due consideration, the Court will grant Defendants' motion to dismiss.

## BACKGROUND

Plaintiff filed a civil rights complaint pursuant to § 1983 against Hopkins County Jail, Lewis Tatum, George Croney, Dennis Dean, Joe Scott, Damon Cole, Jordan Edwards, and Sabrina Richardson. After Plaintiff provided the full names of each Defendant and address, as ordered by the court (Dkt. #38), summons were issued. Defendants Hopkins County Jail and Lewis Tatum were effectively served. Defendants Hopkins County Jail and Lewis Tatum filed an advisory to the Court (Dkt. #59), however, noting that service of process was sent to the Hopkins County Sheriff's Office for all defendants. The advisory explained that Lacey Calhoun, an employee at Hopkins County Sheriff's Office who is not a party to the case, erroneously signed the return receipt acknowledgment for the envelopes addressed to the remaining defendants. The advisory further noted that none of the remaining defendants were employed by Hopkins County Sheriff's Office or Jail.

1

Although Joe Scott had been an employee previously, the advisory noted that his last day of employment was "more than two years before Plaintiff's escape from the Hopkins County Jail." (Dkt. #59, p. 2). Attached to the notice was a "Separation of Licensee (F-5) form showing that Joe Scott separated from employment at Hopkins County Sheriff's Office on November 26, 2014 – a date prior to Plaintiff's confinement there. (Dkt. #59-1). Additionally, the advisory noted that none of the other defendants were employed by Hopkins County Sheriff's Office or Jail during the time in which Plaintiff was confined there. Sheriff Lewis Tatum filed an affidavit also stating that Joe Scott left the Hopkins County Sheriff's Office on November 26, 2014, noting that he nor any of the remaining named defendants were employees during the time Plaintiff was confined. (Dkt. #59-2). In response, Plaintiff stated that he had been confined in the Hopkins County Jail since June of 2017. (Dkt. #61). This statement has no relevance to the time period in which Joe Scott was employed at the Hopkins County Jail since he separated from employment on November 26, 2014. The Court notes that, although Plaintiff was ordered to provide the full names and correct addresses to the Court so that proper service could be made (Dkt. ## 32, 38), he failed to do so. Even after notice was provided that the remaining Defendants were not properly served, Plaintiff made no attempts to correct the deficiencies. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceedings. Plaintiff fails to show good cause for the failure. It is appropriate, therefore, that Plaintiff's claims against Defendants George Croney, Dennis Dean, Joe Scott, Damon Cole, Jordan Edwards, and Sabrina Richardson be dismissed; accordingly, the only remaining defendants are Hopkins County Jail and Lewis Tatum.

In his Amended Complaint (Dkt. #26), Plaintiff claims that Defendants violated his constitutional rights by subjecting him to excessive use of force, cruel and unusual punishment, wanton

and unnecessary infliction of pain and suffering, and denial of adequate access to medical treatment for an injury. Plaintiff seeks punitive damages individually and jointly of $100,000.00, compensatory damages, individually and jointly of $500,000.00, costs of lawsuit, and a declaratory judgment. Defendants Hopkins County Jail and Lewis Tatum, assert that the complaint should be dismissed under alternative theories, including the failure to exhaust administrative remedies. Because the Court concludes that Plaintiff failed to exhaust his administrative remedies, there is no need to discuss Defendants' alternative theories for dismissal.

## REQUIREMENT TO EXHAUST REMEDIES

The Prison Litigation Reform Act (PLRA) provides that prisoners are required to exhaust their administrative remedies before filing suit. *Jones v. Bock*, 549 U.S. 199, 202 (2007). Section §1997e(a) of 42 U.S.C. provides that "no action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The grievance must give the correctional authorities "fair notice" of the problem being complained of, such that these authorities have a fair opportunity to address the problem that will later form the basis of the lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). The Supreme Court stated that correctional authorities will not have a "fair opportunity" to consider the grievance unless the prisoner complies with the procedural rules – meaning that "proper" exhaustion, within the procedural rules laid out by the grievance system, is required. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Johnson v. Ford*, 261 F.App'x 752 (5th Cir. 2008).

Jails and prisons use a formal grievance process for prisoner's complaints. *Johnson*, 385 F.3d at 515. Prisoners are instructed to file a Step 1 Grievance form with their facility of confinement. If a resolution to the grievance is not achieved, then the prisoner may file a Step 2 Grievance form, which

3

is treated as an appeal. If it is a county jail, as in this case, the appeal is usually sent to the Sheriff. If a resolution is not achieved at that time, the prisoner's claim can be considered exhausted, for purposes of the PLRA, and the prisoner may file a civil rights action pursuant to 42 U.S.C. § 1983.

The standardized Section 1983 complaint form, which has been adopted by the Court, asks if Plaintiff has exhausted all steps of the institutional grievance procedure. *See* Dkt. #26, p. 4. It then clearly instructs Plaintiff to "[a]ttach a copy of your final step of the grievance procedure with the response supplied by the institution." *Id.* Plaintiff failed to attach a copy of a final step of the grievance procedure to his compliant. Even after receiving Defendants' motion to dismiss, Plaintiff failed to provide proof of exhaustion.

In sum, Plaintiff fails to show that he administratively exhausted the claims brought in this action. Because each of the claims Plaintiff makes were never processed through the facility's grievance system, as required, the complaint must be dismissed for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted.").

It is **ORDERED** Defendants George Croney, Dennis Dean, Joe Scott, Damon Cole, Jordan Edwards, and Sabrina Richardson are dismissed from this action.

It is further **ORDERED** that Defendants Hopkins County Jail and Lewis Tatum's motion to dismiss (Dkt. #57) is **GRANTED**, and the claims are **DISMISSED** without prejudice.

Finally, it is **ORDERED** all motions not previously ruled upon by any party are **DENIED**.
**SIGNED this 19th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE